IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 06-0286-CG-C |
| | ) | |
| GEARY HILL, | ) | |
| | ) | |

## ORDER

This matter is before the Court on the Defendant, Geary Hill's ("Hill"), Motion to Obtain a Court Recommendation concerning length of imprisonment in a residential release center ("RRC"). (Doc. 94).

On October 9, 2007, this Court sentenced Hill to a term of 324 months imprisonment for possession with the intent to distribute crack cocaine in violation of 21 U.S.C. § 841. (Doc. 47). Hill was additionally sentenced to five years of supervised release. (*Id.*) Hill's conviction and sentence was affirmed on appeal on September 10, 2008. (Doc. 66). On April 28, 2009, April 10, 2012, and May 18, 2015, Hill's sentence was reduced to 280 months, 268 months, and 188 months respectively, based on changes made to the sentencing guidelines. (Doc. 72, 80, 89). Hill does not indicate his anticipated release date. Hill now seeks a recommendation from this Court that he be given the maximum amount of time allowable in an RRC. (Doc. 94).

## DISCUSSION

The Second Chance Act amended 18 U.S.C. § 3624(c) authorizes the Director of the Bureau of Prisons to allow a prisoner to spend a portion of the final months of his/her sentence (not to exceed twelve months) "under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for reentry of that prisoner into the community". 18 U.S.C. § 3624(c)(1). As such, the amendment "authorize[d] the BOP to consider placing an inmate in an RRC for up to the final 12 months of his or her sentence, rather than the final six months that were available pre-amendment." *Demis v. Sniezek*, 558 F.3d 508, 514 (6th Cir. 2009); *see Wood v. Outlaw*, No., 2010 WL 3417811, at *2 (Aug. 26, 2010) ("Among other things, the Act extended the maximum allowable RRC placement from 6 months to 12 months."). The relevant conditions include placement in a community correctional facility. 18 U.S.C. § 3624(c)(1).

Pursuant to the Act, BOP staff is directed to review inmates for RRC placement 17 to 19 months before their projected release date and to consider inmates on an individual basis using the following five factors set forth in 18 U.S.C. § 3621(b): (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence (concerning the purposes for which the sentence to imprisonment was determined to be warranted, or recommending a type of penal or correctional facility as appropriate); and (5) any pertinent policy statement issued by the Sentencing Commission. *See* 18 U.S.C. § 3621(b)(1)-(5). Placement in a community correctional facility should be "of

sufficient duration to provide the greatest likelihood of successful reintegration into the' 'community." 18 U.S.C. § 3624(c)(6)(C).

Because this is the Court that sentenced Hill, it can issue a recommendation as to the type of penal or correctional institution that is appropriate as requested by Hill. *See* 18 U.S.C. § 3621(b)(4)(B); *See also, U.S. v. Baker*, 2013 WL 355867 (M.D. Ala. January 29, 2013). However, upon review of Hill's motion, this Court does not find that the requested recommendation is appropriate at this time. Rather, this Court finds that it lacks the information from which it could determine whether or not a recommendation should be made in Hill's case. While Hill has sufficiently shown that this Court has the authority to make a recommendation, only one sentence of his motion indicates *why* his request should be granted. That sentence states that "[d]uring the months that the movant has been [in] prison, he has taken advantage of all the available educational and vocational courses that the BOP has offered in the institution where movant has been at." (Doc. 94). Unfortunately, Hill has not provided any information or documentation that shows what courses have been offered, taken, or completed[1] or any information/documentation as to Hill's conduct while incarcerated or that would support a recommendation from this

---

[1] This Court notes that attached to Hill's previous motion to reduce sentence (Doc. 90), Hill submitted a memorandum (Doc. 91-1) which indicates that Hill has enrolled in thirty-three courses while incarcerated. The titles of some of these courses appear to relate to life skills, behavior, or post-conviction employment. However, the document submitted is not a transcript from the BOP of courses *completed* by Hill. Moreover, even considering the list of courses, this Court still lacks relevant information relating to Hill from which this Court could determine whether or not to make the requested recommendation, as described above.

3

Court that he should be placed in an RRC for the maximum time allowable. For example, Hill has not provided any information about his circumstances which would make him more suitable for RRC confinement or that shows his efforts to become a valuable member of society once he is released. Nor does his motion provide any information about any disciplinary history while incarcerated. As such, this Court now denies Hill's request for a recommendation. To be clear, this denial is not intended to suggest that Hill should not be given twelve months in an RRC, it is simply a denial based on a lack of information from which a recommendation could be made.

## CONCLUSION

For the reasons stated herein above, Hill's Motion to Obtain a Court Recommendation concerning length of imprisonment in a residential release center (Doc. 94) is hereby DENIED.

**DONE** and **ORDERED** this 24th day of July 2019.

/s/ Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE