IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

UNITED STATES OF AMERICA )
 )
 )
v. )       CRIMINAL NO. 06-0286-CG-C
 )
GEARY HILL )
 )

## ORDER

This matter is before the Court on Defendant, Geary Darnell Hill's ("Hill")

Motion for Relief under Section 404 of the First Step Act (Doc. 100), the United

States response (Doc. 103), and Hill's reply (Doc. 104).  Upon consideration and for

the reasons set forth herein below, Hill's motion is DENIED.

FACTUAL AND PROCEDURAL BACKGROUND

In December 2007, Hill was indicted on one count of possession with intent to

distribute more than 5 grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1)

(Count One). (Doc. 1). A Superseding Indictment filed on February 22, 2007,

additionally charged Hill with possession with intent to distribute more than 40

grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1) (Count Two) and

manufacturing of more than 5 grams of crack cocaine in violation of 21 U.S.C. §

841(a)(1) (Count Three). (Doc. 18). On March 30, 2007, Hill pled guilty to Count One

pursuant to a written plea agreement. (Docs. 33 and 34).  Count One carried a

mandatory minimum term of imprisonment of 5 years, with a maximum of 40 years

pursuant to 21 U.S.C. § 841(b)(1)(B). On March 9, 2007, the Government filed a notice pursuant to 21 U.S.C. §851, seeking an enhanced penalty because Hill had one or more prior felony drug convictions.  (Doc. 24).

According to the Presentence Investigation Report ("PSR"), Hill was involved with more than 1.5 kilograms of cocaine and therefore, Hill's base offense level under U.S.S.G. § 2D1.1 was 38.  (Doc. 59).  However, Hill was assessed a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon and a two-level enhancement pursuant to U.S.S.G. § 3C1.1 for obstruction of justice.  (*Id*.)  Hill was also given a two-level reduction for his acceptance of responsibility pursuant to U.S.S.G.  §3E1.1(a) and a one level reduction for timely notifying the Government of his plan to plead guilty pursuant to U.S.S.G. § 3E1.1(b).  As a result, Hill's total offense level was 39.  (*Id*.)  His criminal history category was III.  (*Id*.)  An offense level of 39 with a criminal history category of IV produced a guidelines range of 324 months to 405 months of imprisonment. (*Id*.) At his sentencing hearing, however, the Court found that there was insufficient evidence to support a sentence enhancement for obstruction of justice.  However, Hill also testified that he did not admit to possessing 1.5 kilograms of cocaine which prompted the Government to seek removal of the two-level reduction Hill was initially given for acceptance of responsibility.  (Doc. 55). The Court granted the Government's request, which resulted in Hill having a total offense level of 40 increasing his guideline range to 360 months to Life imprisonment.  (*Id*).  On

October 9, 2007, Hill was sentenced to 324 months' imprisonment. (Doc. 47).  Hill's conviction and sentence was affirmed on appeal in 2008. (Doc. 66).

Prior to the instant motion, on April 28, 2009, April 10, 2012, and May 18, 2015, Hill's sentence was reduced to 280 months, 268 months, and 188 months respectively, based on changes made to the sentencing guidelines. (Doc. 72, 80, 89). Hill has now filed the instant motion seeking a reduction pursuant to § 404 of the First Step Act of 2018. (Doc. 100).  The Government has responded in opposition (Doc. 103) and Hill has replied (Doc. 104).

DISCUSSION

Hill contends he is eligible for a reduction of his sentence under § 404 of the First Step Act of 2018 ("FSA").

In relevant part, the Act sets forth as follows:

(b) Defendants Previously Sentenced.  A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5221.  The Fair Sentencing Act changed the quantity of crack cocaine necessary to apply certain statutory mandatory minimum and maximum sentences. Section 2 of the Act amended 21 U.S.C. § 841(b)(1)(A) & (B) and replaced the 5 grams or more threshold with 28 grams or more, and the 50 grams or more threshold with 280 grams or more.

Hill's motion relies on the indictment in his case to establish his eligibility for a reduction under the FSA.  Hill asserts that if he were sentenced today, he would no longer be subject to the mandatory minimum penalty of five years to forty years imprisonment under § 841(a)(1)(B).  (Doc. 100 at 8; PageID.510).  Hill also asserts that neither his ten-year mandatory sentence for his § 851 enhancement nor his prior reductions in sentences preclude his eligibility from relief under the FSA.  (*Id*.)  As such, Hill contends he is eligible for a reduced sentence under the FSA and requests a reduction of his sentence.  (*Id*.)

The United States argues that the Court should look to the facts underlying Hill's conviction as set forth in the PSR and as acknowledged at Hill's sentencing hearing to determine what Hill's eligibility for a reduction of sentence under the Fair Sentencing Act.  (Doc. 103).  As such, the Government contends that because Hill was responsible for 1.5 kilograms of crack cocaine, an amount which exceeds the current threshold of 280 grams for the penalties in 21 U.S.C. § 841(b)(1)(A), he is not eligible for a reduction of sentence under the FSA. (Doc. 103). Moreover, the Government asserts that even if Hill is eligible for a reduction, this Court should deny the requested relief.  (*Id*.)

The Court finds the Government's position regarding eligibility is not compelling for two reasons.  First, when determining the statutory penalty for an offense, the Court looks to the offense charged in the indictment, not the quantity for which the defendant is held responsible in a PSR or at sentencing. Second, a PSR establishes a factual basis for a sentence and includes an amount of controlled

4

substance for which a defendant is responsible for purposes of relevant conduct, i.e.,

for purposes of determining the guidelines. The PSR cannot amend the indictment.

As succinctly stated in United States v. *Pierre*, 372 F.Supp.3d 17, *22, 2019

WL 1495123, *5 (D.R.I. Apr. 5, 2019):

> The Court holds that, in determining whether a defendant is eligible
> for relief under § 404 of the First Step Act, the sentencing court should
> look to whether the offense of conviction was modified by the Fair
> Sentencing Act of 2010 to determine eligibility; it should refrain from
> delving into the particulars of the record to determine how this specific
> defendant committed his or her offense of conviction, and how those
> facts would have hypothetically affected the charges brought against
> the defendant under the new statutory regime.
>
> The Government's approach, while reasonable, is problematic in
> several ways. First, it effectively requires the Court to employ a
> prosecutor-friendly "way-back machine" to conjure how the charge,
> plea, and sentencing would have looked had the Fair Sentencing Act of
> 2010 been in effect.

*United States v. Pierre*, 2019 WL 1495123 at *5.

The undersigned also finds persuasive *United States v. Davis*, No. 4:92-cr-

04013-WS-CAS (N.D. Fla. Mar. 6, 2019), ECF No.2245, wherein the district court

explained as follows:

> Congress could have directed district courts to do what the government
> suggests. Instead, in the First Step Act, Congress authorized district
> courts to reduce the sentence of a defendant "as if sections 2 and 3 of
> the Fair Sentencing Act of 2010. . . were in effect at the time the
> covered offense was committed." First Step Act, § 404(b). If section 2 of
> the Fair Sentencing Act had been in effect when Davis's covered
> offense was committed, this court would have been obliged to inform
> Davis at arraignment that he was facing a five-to-forty-year statutory
> penalty range, not a ten-year-to-life range. Congress did not direct
> district courts to consider, and this court declines to consider, what the

government might have charged had the Fair Sentencing Act been in effect when Davis's offense was committed.

The Court finds that Hill's crack cocaine offense constitutes a "covered offense" under § 404(a)[1] of the First Step Act and that none of the limitations of § 404(c)[2] apply. Therefore, the Court has the authority to resentence Hill "as if" the Fair Sentencing Act's lower threshold quantities for sentences had been in place when he was sentenced.[3]

The revised calculation under the sentencing guidelines yields a total offense level of 34[4] and a criminal history category of III. As a result, if sentenced today,

---

[1] "(a) Definition of Covered Offense. In this section, the term 'covered offense' means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010."

[2] "(c) Limitations. No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits." Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

[3] The Court notes that the First Step Act of 2018 does not mandate resentencing of eligible defendants. Section 404(c) states that "Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."

[4] This offense level takes into account Amendments 782 and 789 (which reduced by two levels the offense levels in USSG § 2D1.1(c)'s Drug Quantity Table); and 750 and 759 (which reduced offense levels for certain quantities of crack to correspond to the Fair Sentencing Act). It appears to be the majority view among courts that have addressed the issue, that upon resentencing the Court should incorporate all of the applicable retroactive guideline amendments. *See United States v. Clarke*, No. 3:04-CR-00069-001, 2019 WL 1140239, at *3 (W.D. Va. Mar. 12, 2019) ("The Government asserts that 'the Court should not reexamine any guideline issues determined at sentencing other than those directly impacted by the First Step Act. It does make sense, however, to incorporate the retroactive guideline reductions to § 2D1.1 to avoid the need to address subsequent motions under those Amendments.' "); *United States v. Laguerre*, No. 5:02-CR-30098-3, 2019 WL 861417, at *3 (W.D. Va. Feb. 22, 2019) (applying the drug quantity guidelines in effect now); *United States v. Davis*, No. 07-CR-245S (1), 2019 WL 1054554, at *2 (W.D.N.Y. Mar. 6, 2019) ("The Act contemplates a recalculation of a defendant's Guidelines numbers under the Fair Sentencing Act and a possible sentencing reduction consistent therewith, if warranted.");*United States v. Davis*, No. 07-CR-245S

Hill's sentencing guidelines range would be 188 to 235 months. Because Hill's sentence of 188 months is already at the lowest end of the guidelines, the Court finds that a sentence of 188 months remains an appropriate sentence.

In reaching this decision, the Court has considered the family history provided by Hill in his motion, the relevant portions of the docket including the presentence investigation report, and Hill's conduct during incarceration. The Court notes that Hill has a history of drug abuse and distributing drugs. Additionally, Hill has, on at least one occasion, resorted to violence. However, the Court also notes Hill's conduct while incarcerated including his completion of numerous education and self-rehabilitation courses and a minimal amount of disciplinary infractions, especially in the most recent years of incarceration. (Doc. 100-1). More specifically, Hill has provided this Court with his Summary Reentry Plan- Progress Report showing that he has completed at least forty-two classes during his incarceration. (Doc. 100-1). Indeed, these considerations are noted in the Court's most recent Order recommending Hill for a full twelve months in a residential release program prior to his release. (Doc. 97).

Based on the relevant considerations before this Court, a reduction of Hill's sentence is not warranted. Rather, the Court finds that the guidelines are reasonable and a because Hill's current sentence of 188 months is already on the

(1), 2019 WL 1054554, at *3 (W.D.N.Y. Mar. 6, 2019) ("As recalculated, Davis is now a total offense level 33 and criminal history category II...."); *United States v. Dodd*, No. 3:03-CR-00018-3, 2019 WL 1529516, at *2 (S.D. Iowa Apr. 9, 2019) ("Defendant's Sentencing Guidelines range has also changed."

7

lowest end of his guideline range, this Court is not inclined to further reduce Hill's sentence.

   **DONE** and **ORDERED** this 15th day of April, 2020.

/s/ Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE
